UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:26-cv-27653-XXXX

JUSTIN LA FOND, on behalf
of himself and others similarly situated,

Plaintiff,

v.

PAS CARGO USA, INC.,
PAS DISTRIBUTION CENTERS LLC, and
DIRK CHEE-A-TOW,

Defendants.
_________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(COLLECTIVE ACTION)**

Plaintiff Justin La Fond, individually, on behalf of himself and others similarly situated, sues Defendants PAS Cargo USA, Inc., PAS Distribution Centers LLC, and Dirk Chee-A-Tow, and alleges the following:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction as the claim is brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (the "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 29 U.S.C. § 216(b).

3. This Court has personal jurisdiction because, among other things, Defendants have operated, conducted, engaged in, or carried on a business or business

venture in Florida, and Defendants have engaged in substantial and not isolated activity within Florida. *See generally* Fla. Stat. § 48.193.

4. Pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 89(c), venue is proper in this Court because PAS Cargo USA, Inc. and PAS Distribution Centers LLC's principal place of business is in Florida and within Miami-Dade County, Mr. Chee-A-Tow resides in Florida, and a substantial part of the events or omissions giving rise to the cause of action occurred in the Southern District of Florida, at Defendants' warehouse facility in Hialeah Gardens, Miami-Dade County, Florida. The Miami Division is the proper division within the Southern District of Florida for this action.

**PARTIES**

5. Plaintiff Justin La Fond is a resident of Broward County, Florida.

6. Defendant PAS Cargo USA, Inc. is a Florida corporation that is registered to do business in the State of Florida, has engaged in business in the State of Florida, and maintains its principal place of business at 14501 NW 109th Avenue, Hialeah Gardens, Florida 33018, in Miami-Dade County, Florida.

7. Defendant PAS Distribution Centers LLC is a Florida limited liability company that is registered to do business in the State of Florida, has engaged in business in the State of Florida, and operates from 14501 NW 109th Avenue, Hialeah Gardens, Florida 33018, in Miami-Dade County, Florida.

8. Based on information and belief, Defendant Dirk Chee-A-Tow is an owner and President of Defendant PAS Cargo USA, Inc. and Defendant PAS Distribution Centers LLC with operational control of the companies' covered enterprise, including exercising the authority to: (a) hire and fire employees; (b) determine the work schedules for the

employees; and (c) control the finances and operations, including the method and manner in which employees are paid.

9. Defendant Chee-A-Tow personally exercised that authority over Plaintiff and other warehouse employees, including by directing how their wages were paid and by terminating Plaintiff's employment.

10. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

11. At all times material hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. Based on information and belief, Defendants operate a cargo, freight, and warehousing business that receives, handles, stores, and ships goods and materials that have moved in or been produced for interstate and international commerce.

14. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

15. Based on information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum in 2023, 2024, 2025, and 2026.

16. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, including because he regularly received, offloaded, and handled cargo moving in interstate and international commerce.

17. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

18. The additional persons who may become plaintiffs in this action are/were hourly paid, non-exempt warehouse employees of Defendants, who held similar positions to Plaintiff, and who worked in excess of forty hours during one or more workweeks during the relevant time period but who did not receive pay at one-and-one-half times their regular rate for their hours worked in excess of forty hours.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## GENERAL ALLEGATIONS

20. Plaintiff worked for Defendants from approximately January 2006 through June 12, 2026, at Defendants' warehouse facility located at 14501 NW 109th Avenue, Hialeah Gardens, Florida 33018.

21. Plaintiff's primary duties were manual and warehouse based. They included receiving shipments, offloading cargo, and performing other manual work within the warehouse.

22. Plaintiff did not manage Defendants' enterprise or any department or subdivision of it, did not direct the work of other employees, and had no authority to hire, fire, or discipline employees. Plaintiff did not perform office or non-manual work.

23. Plaintiff was a full-time W-2 employee, paid an hourly rate on a weekly basis through Defendants' payroll. During the relevant time period, Defendants paid Plaintiff a regular hourly rate of $27.50.

24. At all material times, Defendants were Plaintiff's direct employer, joint employer, and/or co-employer for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. § 203(d). By way of example:

a. Defendants operated from the same facility, at 14501 NW 109th Avenue, Hialeah Gardens, Florida, where Plaintiff and other warehouse employees performed their work.

b. Defendants, through Defendant Chee-A-Tow, together had the power to hire and fire Plaintiff and other warehouse employees, and together supervised and controlled their work schedules and conditions of employment.

c. Based on information and belief, Defendants together determined the rate and method of payment for Plaintiff and other warehouse employees, and together maintained their employment, payroll, and timekeeping records.

25. The overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers...." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) and 207(a).

26. The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one-and-one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. § 207(a)(1). Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant action.

27. Overtime pay that is due must be computed on the basis of the "regular rate."

28. To determine overtime rate, the regular rate is multiplied by 1.5 to establish the overtime rate that employees must be paid for all hours worked in excess of forty hours in that particular week. 29 U.S.C. § 207(e).

29. Plaintiff regularly worked in excess of forty hours per workweek, averaging approximately nine overtime hours per week.

30. Defendants tracked some of the hours worked by Plaintiff and other warehouse employees through a biometric timekeeping system. Those records reflect some of the hours worked in excess of forty hours per week.

31. Defendants' payroll records and wage statements, however, reflected a flat forty-hour workweek, listing "Regular" pay for 40.00 hours with no overtime line item, and identified the basis of pay as "salary," even though Plaintiff was an hourly, non-exempt employee.

32. Defendants have maintained a scheme to avoid their obligations to pay overtime wages and other non-discretionary compensation to their non-exempt employees to artificially reduce labor costs and maximize profits at the expense of their employees. This included the following:

a. Defendants failed to pay Plaintiff, and those similarly situated, through payroll for all hours reflected in Defendants' own time records, and failed to pay one-and-one-half times the regular rate for hours worked in excess of forty in a workweek.

b. Defendants periodically made payments in cash to Plaintiff, and those similarly situated, outside of Defendants' payroll system. Those payments were not reflected on employees' wage statements, were not calculated at one-and-one-half times the regular rate for all overtime hours worked, and did not satisfy Defendants' overtime obligations under the FLSA.

c. Based on information and belief, those cash payments were made in order to avoid paying Plaintiff and similarly situated employees the overtime rate.

33. From at least June 12, 2023 and continuing through June 12, 2026, Defendants failed to compensate Plaintiff for all hours worked, including by failing to compensate Plaintiff at the rate of one-and-one-half times Plaintiff's regular rate for all hours worked in excess of forty hours in a workweek.

34. Defendants have violated 29 U.S.C. § 207 from at least June 12, 2023 and continuing to date, in that:

a. Plaintiff and other similarly situated employees worked in excess of forty hours per week for the period of employment with Defendants;

b. No payments, and provisions for payment, have been made by Defendants to compensate Plaintiff and other similarly situated employees at the statutory rate of one-and-one-half times the proper regular rate for those hours worked in excess of forty hours per workweek as provided by the FLSA; and

c. Defendants failed to maintain proper and accurate payroll records reflecting all hours worked and all wages paid, as mandated by the FLSA.

35. Other warehouse employees of Defendants were subject to the same payroll practice of recording a flat forty-hour workweek and were likewise not paid one-and-one-half times their regular rate for hours worked in excess of forty.

36. Plaintiff and Defendants entered into a tolling agreement, which preserved Plaintiff's entire three-year period of recovery under the FLSA.

37. A consent to sue for Plaintiff is attached as Exhibit 1.

38. Plaintiff has retained the undersigned law firm to represent Plaintiff in the action and has agreed to pay the firm a reasonable fee for its services.

**COUNT I:**
**RECOVERY OF OVERTIME COMPENSATION AGAINST ALL DEFENDANTS**

39. Plaintiff restates and realleges paragraphs 1 through 38 as if fully set forth herein.

40. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty hours per week for which Plaintiff was not compensated at the statutory rate of one-and-one-half times Plaintiff's proper regular rate of pay.

41. Plaintiff was entitled to be paid at the statutory rate of one-and-one-half times Plaintiff's full and proper regular rate of pay for those hours worked in excess of forty hours.

42. At all times material hereto, Defendants failed, and continue to fail, to maintain proper payroll records as mandated by the FLSA.

43. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's proper regular rate of pay for the hours worked in excess of forty hours per week when they knew, or should have known, such was, and is, due. Among other things, Defendants' own biometric time records reflected some of the overtime hours that their payroll records omitted.

44. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

45. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty hours per week, plus liquidated damages.

46. Plaintiff is entitled to an award of reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54.

47. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked and for the payment at a lower rate of compensation for all overtime hours worked.

48. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff (and those similarly situated), would have credited them with more than forty hours in a workweek, Defendants failed to properly pay Plaintiff, and those similarly situated to him, overtime wages at one-and-one-half their proper regular rate of pay for such hours.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that judgment be entered in his favor and against Defendants, jointly and severally:

a. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Authorizing notice of this action to all similarly situated employees pursuant to 29 U.S.C. § 216(b);

c. Awarding Plaintiff, and those similarly situated who opt in, overtime compensation in the amount due for time worked in excess of forty hours per workweek;

d. Awarding liquidated damages in an amount equal to the overtime award;

e. Awarding reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54;

f. Awarding pre-judgment interest (if liquidated damages are not awarded) and post-judgment interest; and

g. Ordering such other and further relief as the circumstances and law require and/or provide.

**JURY DEMAND**

Plaintiff demands a jury trial for all issues so triable.

Dated: October 28 2026

Respectfully submitted,

By: */s/ Patricia A. Fors*

Giselle Gutierrez (Fla. Bar No. 100254)
Giselle@ExG-Law.com
Patricia A. Fors (Fla Bar No. 1058218)
Patricia@ExG-Law.com
Rebeca Rodriguez (1079525)
Rebeca@ExG-Law.com
**EXHIBIT G LAW FIRM**
2030 S. Douglas Road, Suite 203
Coral Gables, Florida 33134
Telephone: (305) 340-7066
*Attorneys for Plaintiff*